UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
March 1, 2021 11:06 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: TB 3/2/21

STEPHEN HASKINS #142105,

    Plaintiff,

-v-

BRYAN MORRISON,
in his individual capacity as
Deputy Warden for
Lakeland Corr. Facility
DAWN WOODCOX,
in her individual capacity as
Transfer Coordinator for
Lakeland Corr. Facility
DAVID KARNEY,
in his individual capacity as
Physical Plant Manager for
Lakeland Corr. Facility

    Defendants.
_____/

Civil No.  **1:21-cv-200**
Hon.  Paul L. Maloney- U.S. **District Judge**
Mag.  Ray Kent - Magistrate **Judge**

## JURY TRIAL DEMANDED

## COMPLAINT

Comes now Plaintiff and for his Complaint states as follows:

## PRELIMINARY STATEMENT

1. This is a prisoner section 1983 civil suit seeking punitive and compensatory damages. Plaintiff avers while incarcerated at Lakeland Correctionsl Facility(LCF), Defendant's collectively and individually engaged in a campaign of harassment, threats and finally, a retaliatory transfer in response to Plaintiffs grievances/complaints

-1-

in an attempt to chill Plaintiffs Free Speech in violation of the Petitioning clause of the First Amendment of the United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

2. The Defendant's actions in retaliating against Plaintiff has resulted in Plaintiff being hesitant to file complaints due to the ever present possibility of being targeted. Plaintiff has also lost his "high paying" job as an (Institutional Electrician) after (10) years and finally, Plaintiff was removed from the (Honor unit) after (10) years of being housed there. Plaintiff is now suffering Psychological and mental distress and other pecuniary losses not yet ascertained.

3. Plaintiff maintains that the deprivation of his Constitutional rights were carried out by Defendants Pursuant to customs specific to Lakeland correctional Facility and that the named defendants acted under the color of State law knowingly and intentionally caused Plaintiff to be deprived of his constitutional rights.

## JURISDICTION AND VENUE

4. This action arises and is brought pursuant to 42 U.S.C. §1983, to remedy the deprivations under color of State law of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution. The court has jurisdiction over this action pursuant

to 28 U.S.C. section 1331(1) and 1343. The court has supplemental jurisdiction over Plaintiff's State law tort claims under 28 U.S.C §1367.

5.  This cause of action arose in the Western District of Michigan, therefore, venue is proper under 28 U.S.C §1367.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  Plaintiff avers that he has exhausted available administrative remedies as it relates to all claims raised herein.

### PREVIOUS LAWSUITS

7.  None.

### THE PARTIES

8.  Plaintiff Stephen Haskins is and was at all relevant times mentioned herein, an adult citizen of the United States and a resident of the State of Michigan. Plaintiff is currently incarcerated at Macomb Correctional Facility, located at: 34625 26 Mile Rd., Lenox Township, MI 48048.

9.  Defendant Bryan Morrison is sued in his individual capacity as Deputy Warden of Lakeland Correctional Facility. Defendant Morrison is and was at all relevant times mentioned herein, a adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Morrison was endowed with the

-3-

responsibility concerning overseeing custody and housing of prisoners housed at (LRF). Defendant Morrison is located at: 141 First Street, ColdWater, MI. 49036.

10. Defendant Dawn Woodcox is sued in her individual capacity as the Transfer Coordinator for (LRF). Defendant Woodcox is and was at all relevant times mentioned herein, a adult citizen of the United States and a resident of the
State of Michigan. On information and belief Defendant Woodcox was endowed with the responsibility concerning the processing of prisoners for transfer. Defendant Woodcox is locates at: 141 First Street, ColdWater, MI 49036.

11. Defendant David Karney is sued in his individual capacity as (Physical Plant Manager) for (LRF). Defendant Karney is and was at all relevant times mentioned herein, a adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Karney was endowed with the responsibility concerning the maintenance and upkeep of the physical plant/structure of Lakeland Correctional Facility. Defendant Karney is located at: 141 First Street, Coldwater, MI. 49036.

## STATEMENT OF FACTS

12. Plaintiff is a Certified Electrician who works with high voltage and had been for the past 10 years while housed in Lakeland Correectional Facility's honor unit. Plaintiff has maintained a

unblemished institutional record and has at this time, completed (15) years without receiving any misconducts/tickets. See connected (Exhibit A: Transfer Orders).

13. In August of 2013, after receiving his monthly state-pay Plaintiff noticed that his pay had been drastically reduced and had completely omitted Plaintiffs "skilled high voltage" pay which was previously approved by Plaintiffs Supervisor (Mr. John Lange), (LRF) Head Electrician. Plaintiff's pay was increased in accordance with MDOC Policy Directive 05.01.110(k), which states in part: "A prisoner shall be paid his/her normal rate of pay plus an additional $2.00 for those days he/she is required to work under conditions that are considered unusually difficult (e.g., bloodborne pathogen cleanup, working with high voltage.)"

14. Plaintiff, upon noticing the reduction in his pay, informed his Supervisor Mr. Lang, who sent a letter of inquiry to the Warden Noah Nagy. See connected: (Exhibit B. - letter to Warden Nagy).

15. As a result of the letter sent to Warden Nagy, Mr. Lang's boss Defendant David Karney was then contacted by the Warden and "chewed out" concerning the complaint filed. Mr. Lange informed Plaintiff that he was verbally scolded by Defendant Karney for his complaint to the Warden and threatened with being "wrote up." Mr. Lange then stated to Plaintiff that Defendant Karney informed him that "there will be no hazardous pay for working on high voltage" and that "he didn't want to hear about it again," and he told Mr.

Lange that "if he needed any help working on the high voltage, he could call him." Mr. Lange explained to Defendant that Plaintiff was more qualified than anyone else on this matter, which drew a response from Defendant karney telling Mr. Lange that he should "stop listening to Plaintiff."

16. Shortly thereafter, Plaintiff was approached by his supervisor and warned that his boss Defendant Karney advised him that he would see to it that Plaintiff was transferred, motivated by Plaintiff's complaints about hazardous/high voltage pay not being reflected in Plaintiff's monthly state pay.

17. Not long after being warned of Mr. Karney's intentions, Plaintiff was summoned by Mr. Bryan Morrison and Dawn Woodcox who threatened Plaintiff and told him to "quit crying" and that "prisoners are not entitled to get paid what they want." Plaintiff responded by explaining to Mr. Morrison and Mrs. Woodcox that he was relying on Policy. Mr. Morrison and Mrs. Woodcox echoed one another by stating in response, "we'll fix you and transfer you to a place you will like."

18. On September 27, 2018 as previously promised, Plaintiff was informed that he was being transferred to another facility, and was subsequently sent to Michigan Reformatory Prison, which is one of the State's disciplinary prisons with much greater restrictions and with much more violence, than Lakeland Correctional where the Plaintiff was at. Plaintiff upon transfer lost his high paying maintenance job as an Electrician which aided Plaintiff in his legal

-6-

quest for freedom and ability to purchase items that the prison no longer provides for free. Finally, Plaintiff was forced to now lock in a cell with a toilet and instead of walls - bars which forced Plaintiff to smell and ingest urine and feces daily. Plaintiff's movement compared to Lakeland Correctional Facility was severely limited and restricted and Plaintiff was forced to sit in a cell that was covered in black mold and drink contaminated water for hydration. See Thaddeus-X v. Blatter, 175 F.3d 396 (6th Cir. 1999)(en banc); see also Reynolds v. Green, 25 F. App'x 256, 261 (6th Cir. 2001), ("Finding a adverse action where a prisoner was transferred from a facility where he could come and go with permission, to a facility where he could not)."

19. Plaintiff submits that his transfer was ordered by Mr. Bryan Morrison on September 25, 2018. See Connected (Ex. - A: transfer order).

20. Plaintiff submits that all facts herein are being pleas with particularity as required by Fed.R.Civ.P.26(a)(1).

## CLAIMS FOR RELIEF

### CLAIM I - RETALIATION

21. Plaintiff incorporates by reference paragraphs 12 through 20 above as though fully set forth herein.

22. By virtue of the foregoing, Defendant's Morrison, Woodcox,

and Karney motivated by Plaintiff's protected activity, retaliated against Plaintiff who was engaged in protected conduct when he filed a oral complaint with his supervisor Mr. John Lange concerning the omittance of Plaintiff's hazardous/high voltage pay which he was required to receive per MDOC's own policy directive, and further Defendants selecting and authorizing/ordering Plaintiff's transfer to a more restrictive facility that was covered in black mold and wreaking of urine and feces, thus "chilling" Plaintiff's protected speech in violation of the petitioning clause of the First Amendment of the U.S. Constitution. See Maben v. Thelen, 887 F. 3d 252(6th Cir. 2018)(Stating: "Nothing in the First Amendment itself suggest that the right to petition for redress of grievances only attaches when the petitioning takes a specific form)."

## CLAIM II - DUE PROCESS

23. Plaintiff incorporates by reference paragraphs 12 through 22 above as though fully set forth herein.

24. By virtue of the foregoing, Defendants Morrison, Woodcox, and Karney motivated by Plaintiff's protected activity, initiated and ordered Plaintiffs improper transfer without affording Plaintiff the opportunity to contest and challenge the basis or rationale for said transfer and foundation said transfer was based upon, thus violating Plaintiff's right to due process under the Due Process clause of the Fourteenth Amendment of the U.S. Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Honorable court grant the following relief:

a.  Award Plaintiff punitive damages against all Defendant's in the amount of $25,000 jointly and severally;

b.  Award Plaintiff sompensatory damages against all Defendants in the amoung of $15,000 jointly and severally;

c.  Such other relief as the court finds is appropriate and in the interest of justice.

## VERIFICATION OF COMPLAINT

I, STEPHEN HASKINS declare and state under penalty of perjury and 28 U.S.C. §1746 that everything stated herein this Complaint is true and correct.

Executed on: _February 24_, 2021

Respectfully submitted,

Stephen Haskins #142105
Macomb Correctional Fac.
34625 26 Mile Rd.
Lenox Twp., MI 48048

Stephen Haskins #142105
Macomb Correctional Facility
34625 26 Mile Rd.
Lenox Twp., Michigan 48048

Macomb Correctional Facility
34625 26 Mile Road
Lenox Twsp., MI 48048

Clerk of T
U.S. Distr
399 Federa
110 Michigan
Grand Rapid



he CounT
cT CounT
Bldg.
ST. N.W.
s, Michigan 49503